UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Thomas F. Draheim**, # 401, | ) | **C/A No. 4:05-2590-CMC-TER** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **State of South Carolina**; | ) | |
| **County of Greenville**; | ) | |
| **Henry McMaster**, Attorney General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

_____

# *Background of this Case*

The petitioner is a pre-trial detainee at the Greenville County Detention Center, which is located in Greenville, South Carolina.   This habeas corpus action was not "in proper form" when it was received.  Hence, in an order filed in this case on September 23, 2005, the undersigned directed the petitioner to submit an amended petition on the court-approved Section 2254 form, submit a motion to proceed *in forma pauperis*, and answer Special Interrogatories.  The petitioner has done so.

1

The amended petition (Entry No. 5) and the petitioner's Answers to the Court's Special Interrogatories (Entry No. 7) show that the petitioner is awaiting trial on various charges: petit larceny (three counts); grand larceny, safecracking, third-degree burglary (three charges), and second-degree burglary (three charges).  The petitioner states that he on June 16, 2005, filed a *pro se* motion for fair and speedy trial,[1] and on June 29, 2005, filed a Motion to Dismiss.

---

[1]The petitioner's attention is directed to State v. Stuckey, 333 S.C. 56, 508 S.E.2d 564, 1998 S.C. LEXIS® 154 (1998), where the Supreme Court of South Carolina held that persons represented by attorneys had no right to file *pro se* motions:

> PER CURIAM.
>
> Appellant submitted a pro se initial brief and designation of matter on appeal and moved this Court to incorporate his initial brief with the initial brief that Robert Dudek of the South Carolina Office of Appellate Defense will file on his behalf. In his motion, appellant states that his Sixth Amendment right to the assistance of counsel does not abridge his right as "a pro se litigant to file forth issues on [his] behalf." In essence, appellant asserts a Sixth Amendment right to hybrid representation or representation which is partially pro se and partially by counsel.
>
> The Sixth Amendment guarantees a right to counsel and competent representation by counsel. E.g., McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Concurrent with the right to the assistance of counsel is the right to self-representation after a knowing and intelligent waiver of the right to counsel. E.g., Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
>
> The United States Supreme Court has not expressly stated whether the Sixth Amendment also provides a right to hybrid representation. However, "Faretta does not require a trial judge to permit 'hybrid' representation.... A defendant does not have a constitutional right to choreograph special appearances by counsel." McKaskle v. Wiggins, 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122, 136 (1984). Since the matter of hybrid representation is left to the discretion of the trial judge, then, by implication, there is no Sixth Amendment right to hybrid

(continued...)

2

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke</u>

---

(...continued)
representation. Accord State v. Rickman, 148 Ariz. 499, 715 P.2d 752 (Ariz.1986); People v. Arguello, 772 P.2d 87 (Colo.1989); Johnson v. State, 246 Ga. 126, 269 S.E.2d 18 (Ga.1980); State v. Thomas, 331 N.C. 671, 417 S.E.2d 473 (N.C.1992).

Furthermore, this Court has previously held that there is no right under the South Carolina Constitution to hybrid representation. Foster v. State, 298 S.C. 306, 379 S.E.2d 907 (1989); State v. Sanders, 269 S.C. 215, 237 S.E.2d 53 (1977). Since there is no right to hybrid representation, substantive documents filed pro se by a person represented by counsel are not accepted unless submitted by counsel. Foster, 298 S.C. at 307, 379 S.E.2d at 907.

Here, appellant, who is represented by counsel, attempted to file a substantive document relating to his case. Since this document was not submitted through counsel, it is not appropriate for consideration by this Court. Nothing in this order shall be construed to limit any party's right to file a pro se motion seeking to relieve his counsel, nor shall it in any way limit a party's right to file a brief in cases submitted pursuant to the procedures established in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

IT IS SO ORDERED.

<u>State v. Stuckey</u>, <u>supra</u>, 333 S.C. at 57-58, 508 S.E.2d at 564-565 (quotation downloaded from WESTLAW®).  *See also* <u>Koon v. Clare</u>, 338 S.C. 423, 527 S.E.2d 357, 2000 S.C. LEXIS® 18 (2000).

v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[2]  This court is required to construe *pro se* complaints, petitions, and pleadings liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the Section 2254 petition in the above-captioned case is subject to summary dismissal.

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to his pending criminal charges, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(*citing* Wainwright v. Sykes, 433 U.S. 72 (1977)). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980).

The criminal charges in question are pending in the Court of General Sessions for Greenville County.  The Court of General Sessions for Greenville County is a court in the State of South Carolina's unified judicial system.  *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272, 1989 S.C. LEXIS® 5 (1989); Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and State ex rel. McLeod v. Civil and Criminal Court of Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[3]  The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina.  *See* Article V, Section 4 of the Constitution of the State of South Carolina; and Bailey v. State, 309 S.C. 455, 424 S.E.2d 503, 1992 S.C. LEXIS® 239 (1992).

---

[3]County courts in the State of South Carolina no longer exist.  Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented.  State ex rel. McLeod v. Civil and Criminal Court of Horry County, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[4] Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir. 2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53, 1989 U.S.App. LEXIS® 15182 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, 1990 U.S. LEXIS® 1399 (1990). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976). In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that

---

[4]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

In any event, it is clear that the petitioner has not exhausted his state remedies. The judgment in the petitioner's criminal case will not become final until he is convicted and sentenced. If the petitioner is convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Applications for post-conviction relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).

It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352, 1989 U.S. LEXIS® 1040 (1989). Secondly, the

United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy.  *See* <u>Miller v. Harvey</u>, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and <u>Patterson v. Leeke</u>, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

The Federal Speedy Trial Act, 18 U.S.C. § 3116 *et seq.*, applies to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a State.  *See*, *e.g.*, <u>United States v. Hall</u>, 1994 U.S.Dist. LEXIS® 14290, 1994 WESTLAW® 544514 (D.Kan., September 13, 1994); <u>United States v. Hanks</u>, 1994 U.S.Dist. LEXIS® 14295, 1994 WESTLAW® 544516 (D.Kan., September 13, 1994); and <u>United States v. James</u>, 861 F. Supp. 151, 1994 U.S.Dist. LEXIS® 11910, *3-*12 & nn. 1-2 (D.D.C. 1994).  Hence, the Federal Speedy Trial Act provides no basis for relief in the above-captioned case.

The Sixth Amendment, which, *inter alia*, provides that criminal defendants have the right to a speedy and public trial, was made applicable to the States in 1948.  *See* <u>In Re Oliver</u>, 333 U.S. 257, 273 (1948).  Even so, in light of the petitioner's failure to exhaust his state remedies, it is unnecessary for this court to

conduct a full analysis of the four-part "speedy trial" test set forth by the Supreme Court in <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972).

Since the petitioner has not been convicted and, hence, has yet to exhaust at least three viable state court remedies — a criminal trial, a direct appeal, and (if necessary) an application for post-conviction relief, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies.  *See* <u>Galloway v. Stephenson</u>, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."  *See also* <u>Pitchess v. Davis</u>, 421 U.S. 482, 490 (1975); and <u>Lawson v. Dixon</u>, 3 F.3d 743, 749 n. 4, 1993 U.S.App. LEXIS® 21646 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208, 1994 U.S. LEXIS® 1917 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

# *Recommendation*

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondents to file a return*. *See* <u>Allen</u>

v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the notice on the next page.

Respectfully submitted,

s/Thomas E. Rogers, III

November 7, 2005                    Thomas E. Rogers, III
Florence, South Carolina            United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**

**&**

The **Serious Consequences** of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

12